UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DONALD M. WIRICK,  )
    Plaintiff,  )
      )
vs.  )  1:09-cv-352-LJM-TAB
      )
CONSOLIDATED RAIL CORP. and CSX  )
TRANSPORTATION, INC.,  )
    Defendants.  )

**ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court on defendants', CSX Transportation, Inc. and Consolidated Rail Corporation ("Defendants"), Motion for Summary Judgment. Plaintiff, Donald M. Wirick ("Plaintiff"), alleges that over the course of his employment with Defendants he has developed degenerative injury to his lower back and injuries to both shoulders as a result of Defendants' negligence. He claims that Defendants are liable for his injuries pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, *et seq*. For the following reasons, Defendants' Motion for Summary Judgment is **GRANTED**.

**I. BACKGROUND**

Plaintiff has been employed by Defendants since February 10, 1976. In that time, he has worked as a machine operator, a trackman, a foreman welder and a truck driver. Defs.' Ex. A at 1-2. In November 1997, Plaintiff slipped on a wet tie while he was working and injured his back. Defs.' Ex. B at 2-3. Plaintiff had no subsequent traumatic back injuries, but he continued to experience problems with his back. Defs.' Ex. B at 6-7. In his deposition testimony, Plaintiff affirmed that there was "no doubt in [his] mind" his current

back problems are as a result of his 1997 slip and fall. *Id.* In 2001, Plaintiff was diagnosed with a disk bulge at L4-5. Pl.'s Ex. B.[1]

Plaintiff also claims to have suffered shoulder injuries as a result of the work that he performed for the railroad. Defs.' Ex. B at 12. Beginning in 1998, Plaintiff received treatment for his shoulders from Dr. David Graybill. Defs.' Ex. C at 2-3. That treatment culminated in surgery in 2001. Defs.' Ex. C at 5. Since the surgery, Plaintiff has received no further treatment for his shoulders. Defs.' Ex. B. at 12.

## II. STANDARD

As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also United Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1267-68 (7th Cir. 1990). Motions for summary judgment are governed by Federal Rule of Civil Procedure 56 (c) ("Rule 56(c)"), which provides in relevant part:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

---

[1] Wirick has filed a Motion to Substitute Exhibits as a result of his failure to attach the correct exhibits to his Response in Opposition to Defendants' Motion for Summary Judgment. Dkt. No. 68. The Motion to Substitute Exhibits is **DENIED**, but Wirick may have leave to file exhibits B and C. Dkt. Nos. 71-1; 71-2.

Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials which "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997 (7th Cir. 1996). It is not the duty of the Court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). When the moving party has met the standard of Rule 56, summary judgment is mandatory. *See Celotex*, 477 U.S. at 322-23; *Shields Enters., Inc. v. First Chi. Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992).

In evaluating a motion for summary judgment, the Court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party. *See Estate of Cole v. Fromm*, 94 F.3d 254, 257 (7th Cir. 1996). The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment. *See Anderson*, 477 U.S. at 248; *JPM Inc. v. John Deere Indus. Equip. Co.*, 94 F.3d 270, 273 (7th Cir. 1996). Irrelevant or unnecessary facts do not deter summary judgment, even

when in dispute. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). "If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996).

### III. DISCUSSION

Plaintiff brings his claim pursuant to FELA. FELA, motivated by "the special needs of railroad workers who are daily exposed to the risks inherent in railroad work," departs from common law principles. *Sinkler v. Missouri Pacific R.R.*, 356 U.S. 326, 329 (1958). Its remedial nature requires that it be liberally construed to effectuate its purposes. *Kulavic v. Chicago & Illinois Midland Ry. Co.*, 1 F.3d 507, 512 (7th Cir. 1993). "An injured railroad employee can recover under FELA as long as the employer's negligence played any part, even the slightest, in producing the injury for which damages are sought." *Id.* (internal quotations omitted).

Defendants argue that any claim Plaintiff might have for his back injury is barred by the applicable statute of limitations. FELA requires that any action under it be "commenced within three years from the day the cause of action accrued." 45 U.S.C. § 56. In a FELA case, "a cause of action accrues for statute of limitations purposes when a reasonable person knows or in the exercise of reasonable diligence should have known of both the injury and its governing cause." *Green v. CSX Transp., Inc.*, 414 F.3d 758, 763 (7th Cir. 2005). "Both components require an objective inquiry into when the plaintiff knew or should have known, in the exercise of reasonable diligence, the essential facts of injury and cause." *Fries v. Chicago & Nw. Transp. Co*, 909 F.2d 1092, 1095 (7th Cir. 1990). Further,

4

"the injured plaintiff need not be certain which cause, if many are possible, is the governing cause but only need know or have reason to know of a potential cause." *Id.* Therefore, injured plaintiffs have an affirmative duty to investigate potential causes of their injuries. *See id.*

Plaintiff argues that because his disk bulge was not diagnosed until 2001, the statute of limitations had not run when he filed his Complaint in 2003. Dkt. No. 1. In support, Plaintiff argues that he had neither actual nor constructive knowledge of his spinal column injury until 2001. Pl.'s Resp. at 7. To show that the disk bulge was not discovered until 2001, Plaintiff points to an MRI report indicating the diagnosis. Pl.'s Ex. B. Defendants argue that the MRI report is inadmissible, and therefore should not be considered on summary judgment, both because it is unauthenticated and because it is hearsay. However, the MRI report's admissibility makes little difference to the outcome of this issue on summary judgment.

In his deposition, Plaintiff testified that he was certain the cause of his current back problems was the injury he suffered in 1997. Defs.' Ex. B at 6-7. The statute of limitations does not necessarily toll on the date of a diagnosis. *See Fries*, 909 F.2d at 1095. Rather, once a plaintiff knows "that some type of injury exists" he cannot wait to file a claim until the injury is actually made known to him by some unplanned incident. *Id.* at 1095-96. Plaintiff undoubtedly knew that an injury existed in late 1997. Plaintiff puts forward no evidence to show that the disk bulge was anything other than an aggravation or cumulation of the 1997 injury. Therefore, Plaintiff's claim for his back injury is time barred, and the Defendants' Motion for Summary Judgment with respect to Plaintiff's back injury is **GRANTED**.

Defendants also move for summary judgment on Plaintiff's FELA claim related to his shoulder injuries on the grounds that Plaintiff has failed to put forward enough evidence to show that his employment was causally related to his injuries. "[T]he quantum of evidence necessary to establish liability under [FELA] is lower than required in an ordinary negligence action." *Fulk v. Illinois Cent. R.R.*, 22 F.3d 120, 124 (7th Cir. 1994). FELA, however, "is not a strict liability statute." *Id.* Therefore, "plaintiffs still must prove the traditional common law elements of negligence, including foreseeability, duty, breach and causation." *Id.* A plaintiff establishes causation in a FELA case if an employer's action played any part at all in causing the injury. See *Kulavic*, 1 F.3d at 512.

In order to show causation, Plaintiff relies solely upon Dr. Peter B. Bandera's expert report that he designates as Exhibit C. The Defendants argue that the report should not be considered on summary judgment because it is both unauthenticated and inadmissible hearsay. *See Eisenstadt v. Centel Corp.*, 113 F.3d 738, 743 (7th Cir. 1997). The report is not accompanied by any kind of sworn statement and therefore is "not, strictly speaking, admissible to support or oppose summary judgment." *Wittmer v. Peters*, 87 F.3d 916 (7th Cir. 1996)*; see* Fed. R. Civ. P. 56(e). However, even considering the report as evidence opposing summary judgment, Plaintiff does not present a triable issue of fact on the question of causation.

Aside from Dr. Bandera's report, Plaintiff puts forward no evidence that his employer caused his injuries. Therefore, the question is whether the report is sufficient to create a triable question of fact as to causation. In the report, the doctor purports to base his conclusion that Plaintiff incurred his shoulder injuries as a "direct result of his occupation with the railroad," on his review of the medical records, work history and functional profile

6

of Plaintiff. Pl.'s Ex. C. Defendants argue that summary judgment is proper because Dr. Bandera's testimony, although expert, is not well formed and, as a result, is insufficient to allow a reasonable juror to conclude that Plaintiff's position is true. *See Mid-State Fertilizer Co. v. Exchange Nat'l Bank*, 877 F.2d 1333, 1339 (7th Cir. 1989) ("[A]n expert's declaration, full of assertion but empty of facts and reasons, won't get a case past a motion for summary judgment, for the judge must look behind the expert's ultimate conclusion and analyze the adequacy of the foundation." (internal quotations omitted)). Dr. Bandera's report does not rely on anything more than Plaintiff's telephonic description of his work site and working conditions to ascertain the cause of Plaintiff's injuries. Dr. Bandera did not do any independent investigation into Plaintiff's work, and he did not measure Plaintiff's exposure to the relevant risk factors in performing his job duties. Dr. Bandera's conclusion, without more, is simply speculation based on the details of Plaintiff's work. Therefore, it is not sufficient to create a triable question of fact on the issue of causation. *See Myers v. Ill. Cent. R.R. Co.*, 679 F. Supp. 2d 903, 916 (N.D. Ill. 2010).

Plaintiff argues that his claim should be saved from summary judgment by the relaxed evidentiary burden FELA plaintiffs face. However, the "relaxed evidentiary standard does not mean that trial is required where the plaintiff comes forward with next to no evidence at all, for FELA is not a strict liability statute." *Doty v. Ill. Cent. R.R. Co.*, 162 F.3d 460 (7th Cir. 1998). Therefore, Defendants' Motion for Summary Judgment is **GRANTED** with regard to Plaintiff's shoulder injury claims.

## IV. **CONCLUSION**

For the foregoing reasons, defendants', CSX Transportation, Inc. and Consolidated Rail Corporation, Motion for Summary Judgment is **GRANTED**, and plaintiff's, Donald M. Wirick, Motion to Substitute Exhibits is **DENIED**, but the plaintiff may have leave to file exhibits B and C.  Dkt. No. 71.

IT IS SO ORDERED this 28th day of June, 2010.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Joseph J. Cappelli
JOSEPH J. CAPPELLI & ASSOCIATES
161 WASHINGTON ST STE 1090
CONSHOHOCKEN, PA 19428-9913

John C. Duffey
STUART & BRANIGIN LLP
jcd@stuartlaw.com

Trenten D. Klingerman
STUART & BRANIGIN LLP
tdk@stuartlaw.com

Mark J. Mustin
Eight Tower Bridge
Suite 1090
161 Washington Street
Conshohocken, PA 19428

Shawn M. Sassaman
CAPPELLI-MUSTIN
ssassaman@cappellimustin.com